UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW DON VALLES, III,

                            Plaintiff,

            -against-

UNITED STATES OF AMERICA; STATE OF
CALIFORNIA; STATE OF UTAH,

                            Defendants.

20-CV-9242 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated at the California Institute for Men, brings this *pro se*
complaint alleging violations of his federally protected rights. By order dated December 2, 2020,
the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma
pauperis* (IFP).[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought
by prisoners who seek relief against a governmental entity or an officer or employee of a
governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP
complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim
upon which relief may be granted, or seeks monetary relief from a defendant who is immune
from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639
(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter
jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are taken from the complaint and publicly available court records. Plaintiff was convicted of state-law sex offenses in California and Utah.[2] Thereafter, Plaintiff

---

[2] Plaintiff has sought relief in federal courts in California and Utah challenging his conviction and custody. *See Valles v. CDCR*, 20-CV-01905 (E.D. Cal. filed Sept. 22, 2020) (civil

was convicted in this District of failing to register as a sex offender. *See United States v. Valle*, ECF 1:19-CV-00672-1 (WHP) (S.D.N.Y. Dec. 23, 2019). Plaintiff filed a motion under 28 U.S.C. § 2255 challenging the conviction in this District. *See Valle v. United States*, 1:20-CV-7835 (WHP) (S.D.N.Y. filed Sept. 23, 2020) (pending).

In this complaint, Plaintiff challenges the constitutionality of the sex offender registry and the resulting restrictions that are placed upon him. (ECF 2 at 4-C.) These include the requirement that he "surrender personal data, including "all mobile telephone numbers, email addresses, internet identifiers, online web presence personalities, motor vehicles owned and registered, motor vehicle driver license numbers, biometric information/DNA/likeness recorded, places of employment etc." (*Id.* at 4-D.) Plaintiff asserts violations of his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution, and he seeks "reversal" of the convictions, "exclusion . . . from sex offender registration entirely and permanently," and money damages. (*Id.* 5A)

## DISCUSSION

### A.   Constitutional Claims

The Court construes Plaintiff's claim that state officials violated his federally protected rights as arising under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a " state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). The Court construes Plaintiff's claim that employees of the federal government violated his constitutional rights as arising under *Bivens v. Six Unknown*

rights complaint pending); *Valles v. CDCR*, 20-CV-00774 (D. Utah filed Nov. 2, 2020) (*habeas corpus* petition pending).

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].").[3],

As set forth below, the complaint cannot proceed, because Plaintiff names defendants who are absolutely immune from suit, and his claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

**B.     Claims Against California and Utah**

Plaintiff's claims against California and Utah must be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for monetary damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). Congress has not abrogated California's and Utah's immunity for claims under § 1983. *See Ricciardi v. California*, 11-CV-6230 (RPP), 2011 WL 6413766, at *1 (S.D.N.Y. Dec. 13, 2011); *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1213 (10th Cir. 2019) (Eleventh Amendment bars claims against Utah state officials).

---

[3] The Supreme Court has recognized *Bivens* claims in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of an inmate under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017). The Supreme Court has made it clear that further expanding the Bivens remedy "is a disfavored judicial activity." *Ziglar*, 137 S. Ct. at 1857 (internal quotations omitted).

Accordingly, Plaintiff's claim against California and Utah are dismissed under the doctrine of Eleventh Amendment immunity, and because these claims are frivolous and seek monetary damages from Defendants that are immune from such relief.[4] *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

## C.  Claims Against the United States

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (" FTCA " ), provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). But before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013).

Pursuant to the FTCA, tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or an action must be commenced within six months of when the agency issued its final denial of administrative remedy. *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, ECF 1:17-CV-7325, 17,

---

[4] In any event, Plaintiff has already challenged the state court convictions and registration requirements in the appropriate federal courts in California and Utah.

2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018); *see also* 28 U.S.C. § 2401(b). "Failure to

exhaust the agency's administrative remedies within the statute of limitations will render the

claim ' forever barred.'" *See id.* (citing *Castellanos v. Elrac Inc.*, No. 07-CV-2191 (DLE)

(KAM), 2008 WL 919641, at *2 (E.D.N.Y. Apr. 3, 2008)). The exhaustion requirement is

jurisdictional and cannot be waived. *Celestine v. Mount Vernon Neighborhood Health Cir.*, 403

F.3d 76, 82 (2d Cir. 2005).

      Here, there is no indication that Plaintiff has exhausted his administrative remedies under

the FTCA. Therefore, to the extent that Plaintiff seeks to assert claims against the federal

government, the Court must dismiss Plaintiff' s claims as barred by the doctrine of sovereign

immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**D.**    **Claims Necessarily Inconsistent with Conviction**

      The U.S. Supreme Court has explained that a prisoner cannot pursue civil rights claims

that would necessarily be inconsistent with a conviction:

> [A] prisoner' s [civil rights] action is barred (absent prior invalidation) – no matter
> the relief sought (damages or equitable relief), no matter the target of the prisoner'
> s suit (state conduct leading to conviction or internal prison proceedings) – *if*
> success in that action would necessarily demonstrate the invalidity of confinement
> or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Therefore, "to recover

damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm

caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged

by executive order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court' s issuance of a writ of *habeas corpus*[.]" *Heck v.*

*Humphrey*, 512 U.S. 477, 486-87 (1994); *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)

(applying *Heck* holding to *Bivens* claims); *Laureano v. United States*, No. 19-CV-10986, 2020

WL 1847739, at *2 (S.D.N.Y. Apr. 10, 2020) (quoting *Lanning v. City of Glens Falls*, 90 F.3d

19, 22 (2d Cir. 2018)).

Plaintiff cannot obtain money damages arising out of his conviction unless the conviction

or sentence has been overturned. *Heck*, 512 U.S. at 486-87. The Court therefore dismisses

Plaintiff's claim for damages for failure to state a claim on which relief can be granted.[5]

**E.    Denial of Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

SO ORDERED.

Dated:     January 6, 2021
           New York, New York

                                        *Louis L. Stanton*
                                        Louis L. Stanton
                                        U.S.D.J.

---

[5] "Disposition of the case on *Heck* grounds warrants only dismissal without prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid . . ., or called into question by a federal court's issuance of a writ of *habeas corpus*.'" *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (quoting *Heck*, 512 U.S. at 487).